IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02454-REB-MJW

DUANE EBERLEIN,

        Plaintiff,

v.

PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY,

        Defendant.

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO AMEND COMPLAINT UNDER FED. R. CIV. P. 15(a)
(DOCKET NO. 65 )**

---

**Entered by Magistrate Judge Michael J. Watanabe**


        This case is before this court pursuant to an Order of Reference issued by

District Judge Robert E. Blackburn on December 7, 2006.  The court has reviewed the

Plaintiff's Motion to Amend Complaint Under Fed. R. Civ. P. 15(a) (docket no. 65) and

the response (docket no. 71) thereto.  In addition, the court has taken judicial notice of

the court's file and has considered applicable Federal Rules of Civil Procedure and case

law.  The court now being fully informed makes the following findings of fact,

conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

        In this case, Judge Blackburn has ruled that ERISA does not apply in this case,

that Plaintiff's state law claims for breach of contract and bad faith breach of insurance

contact are not preempted, and that this case is in federal court under diversity

jurisdiction. *See* Judge Blackburn's Order Concerning Motions for Summary Judgment (docket no. 51).

In a diversity case, the issue of punitive damages must be determined according to Colorado law. Klein v. Grynberg, 44 F.3d 1497, 1503 (10th Cir. 1995). In Colorado, exemplary damages may be awarded to a plaintiff where the defendant's conduct is attended by circumstances of fraud, malice, or willful and wanton conduct. *See* § 13-21-102(1)(a), C.R.S. "Willful and wanton conduct" is defined as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." *See* § 13-21-102(b), C.R.S. Whether conduct is willful and wanton is generally a question of fact for the jury. Munoz v. State Farm Mut. Auto. Ins. Co., 968 P.2d 126, 129-30 (Colo. App. 1998); Wolther v. Schaarschmidt, 738 P.2d 25, 28 (Colo. App. 1986). Colorado law requires a plaintiff to establish prima facie proof of a triable issue of exemplary damages before making a claim for punitive damages. *See* § 13-21-102(1.5)(a).

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings after the time for amending as a matter of right has passed "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny a motion for leave to amend where, among other reasons, "amendment would be futile." Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a

motion for summary judgment." <u>Watson v. Beckel</u>, 242 F.3d 1237, 1239-40 (10th Cir. 2001). A court faced with a challenge to a motion to amend based on the futility defense therefore will consider the sufficiency of the claims that the moving party seeks to add in the party's proposed amended complaint. <u>Moody's,</u> 175 F.3d at 859.

In this case, Plaintiff has demonstrated in the subject motion (docket no. 65) on pages 3-8, inclusive, a basis for a claim for punitive damages and a claim under the Colorado Consumer Protection Act. Moreover, the court finds that Defendant's argument, pursuant to <u>Walter v. Hall</u>, 940 P.2d 991, 1000 (Colo. App. 1996), that Plaintiff may not recover both treble damages under the Colorado Consumer Protection Act , §§ 6-1-101 through 6-1-115, C.R.S., as well as punitive damages under the punitive damage statute (i.e., § 13-21-102, C.R.S.) because such damages are duplicative will need to be addressed by Judge Blackburn at the trial on merits but not at the pleading stage of this case. There may be a need for an election by Plaintiff as to specific damages he may be seeking at trial, noting that a Plaintiff may plead in the alternative. <u>See</u> <u>Natural Wealth Real Estate, Inc. v. Cohen</u>, 2007 WL 201252, *6 (D. Colo. Jan. 23, 2007) ("In the typical case [a party] would be permitted to pursue alternative theories until summary judgment."); <u>Kaiser v. Bowlen</u>, 181 F. Supp.2d 1200, 1201 (D. Colo. 2002) ("Alternative theories of relief are permitted at the pleading stage of litigation. The plaintiff may be required to elect between these claims before trial."). Accordingly, good cause has been shown to amend the complaint, and justice so requires.

## ORDER

**WHEREFORE,** for the foregoing reasons, it is hereby **ORDERED:**

1.      That Plaintiff's Motion to Amend Complaint Under Fed. R. Civ. P.

15(a) (docket no. 65) is **GRANTED**;

2.      That Plaintiff's Second Amended Complaint (docket no. 65-9)

(exhibit F attached to the subject motion (docket no. 65)) is

accepted for filing as of the date of this Order;

3.      That each party shall pay their own attorney fees and costs for this

motion.

Done this 1st of July 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE