IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02454-PAB-MJW

DUANE EBERLEIN,

Plaintiff,

v.

PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY,

Defendant.

---

**ORDER REGARDING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DOCKET NO. 87)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion for Protective Order (docket no. 87). The court has considered the subject motion (docket no. 87), the response (docket no. 96) thereto, and the reply (Docket No. 115). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

In the subject motion (docket no. 87), Defendant seeks an order from this court precluding Plaintiff from questioning Defendant's Rule 30(b)(6) witness within the context of paragraph 5 of Plaintiff's Notice of Deposition of Provident. In paragraph 5, Plaintiff seeks information regarding Provident's involvement in multistate market conduct investigations and settlement agreements.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That trial courts have broad discretion when ruling on a motion for protective order. *See* Gillard v. Boulder Valley School Dist. RE-2, 196 F.R.D. 382, 387 (D. Colo. 2000);

5. That Plaintiff seeks discovery from Defendant Provident regarding market conduct examinations to show Defendant Provident's knowledge of industry standards and knowledge of its own improper claims handling. Plaintiff argues that this discovery may lead to admissible evidence on Plaintiff's bad faith claim, punitive damages claim, and Colorado Consumer Protection Act claim;

6. Defendant Provident argues that the U.S. Supreme Court's decision in State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), precludes evidence of other claim practices to establish or assess punitive damages unless it is the same as that directed towards the Plaintiff. Defendant Provident further argues that based upon Campbell and BMW of N. Am., Inc. v. Gore, 517 U.S. 559 (1996), a punitive damages claim under Colorado law cannot be based on conduct that occurred outside the jurisdiction of Colorado. Moreover, Defendant Provident argues that punishing it

for improper claims handling practices in other states (either through punitive damages or for a violation of the Colorado Consumer Protection Act) is improper under the holding in Gore, *supra*. I find the Defendant's application of Campbell and Gore is misplaced and distinguishable under the facts of this case. *See* Gore at 574 at 573-74 n.20 and21.;

7. That in this case the discovery requested in paragraph 5 of Plaintiff's Notice of Deposition of Provident goes directly to how Defendant Provident handles disability claims arising under long-term disability income policies like that of Plaintiff's. Since the discovery being requested relates directly to Defendant Provident's knowledge of and conscious disregard of Plaintiff's rights to the benefits of his disability contract, there is not only a sufficient nexus, but a direct link, to the conduct at issue here so as to permit Plaintiff's discovery that he seeks; and,

8. That the discovery sought by Plaintiff in this case is very similar to the discovery sought in Cunningham v. Standard Fire Ins. Co., No. 07-cv-02538-REB-KLM, 2008 WL 2902621, at *8 (D. Colo. July 24, 2008), and in Vining v. Enterprise Fin. Group, Inc., 148 F.3d 1206, 1218 (10th Cir. 1998), wherein both courts permitted discovery of market conduct examinations finding that such evidence was relevant to the question of how the defendant acted in the instant case. This court finds that the analysis in both Cunningham and

<u>Vining</u> to be compelling under the facts of this case.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant Provident's Motion for Protective Order (docket no.87) is **DENIED**;

2. That Defendant Provident shall designate a representative(s) to answer inquiries as outlined in paragraph 5 of Plaintiff's Notice of Deposition of Provident. The parties shall meet and confer within five (5) days from the date of this Order and set the deposition(s) of such representative(s) from the Defendant Provident who will be able to respond fully to inquires contained in paragraph 5 of Plaintiff's Notice of Deposition of Provident;

3. That the parties are granted leave to file any appropriate motion(s) in limine regarding admissibility at trial with respect to any discovery obtained during such deposition; and,

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 12th day of February, 2009.

        BY THE COURT

        s/ Michael J. Watanabe
        MICHAEL J. WATANABE
        U.S. MAGISTRATE JUDGE